IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:25-CV-1690-E-BW |
| LUDCHEEL HARDLEY COLAS | § | |
| and DOMINIC BURLESON, | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joe Hunsinger, appearing pro se, filed a Motion for Substitute Service on February 28, 2026. (Dkt. No. 15.) For the reasons explained below, Hunsinger's motion is **GRANTED IN PART**.

## I. BACKGROUND

Hunsinger originally filed this lawsuit alleging violations of the Telephone Consumer Protection Act against a Doe Corporation using certain phone numbers. (*See* Dkt. No. 3.) On February 19, 2026, after conducting limited discovery prior to the Rule 26(f) conference, Hunsinger filed an amended complaint identifying Ludcheel Hardley Colas and Dominic Burleson as the defendants in this action. (Dkt. No. 9.) The clerk issued summonses for these defendants, and, on February 27, Hunsinger filed proof of service as to Burleson. (Dkt. Nos. 11, 14.)

---

[1] This pro se case was automatically referred to the undersigned magistrate judge pursuant to Special Order 3-251. (Dkt. No. 1.)

Hunsinger filed the instant motion requesting authorization to serve Defendant Colas by alternative means permitted by Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b). In support of the motion, Hunsinger states that a process server has been unable to serve Colas in person at his principal place of business, which also appears to be his residence. Hunsinger attached information showing that Colas holds a license issued by the Florida Department of Financial Services using a business address at 22784 Penny Loop in Land O Lakes, Florida. (Dkt. No. 15 at ECF pp. 5, 7.)[2] A Florida processes server, Gregg Scott, provided a sworn proof of service stating that he made three unsuccessful attempts to serve Colas at that address. (*Id.* at ECF p. 14 ("Scott Aff.").) On February 23, 2026, Scott attempted service at 4:14 a.m. Florida time.[3] There was no answer at the door; Scott noticed two cars parked at the home and left his contact information. On February 24, he tried again at 7:44 p.m., this time seeing the same two cars and an additional one parked at the house and observing lights on inside. He again got no answer at the door and left his contact information. Finally, on February 25, Scott attempted service at 11:02 a.m. There was no answer at the door, and Scott saw the same two cars from the first attempt and again left his card.

---

[2] Hunsinger is reminded of his obligation to follow court rules, including the court's requirement that supporting documents be filed in a separate appendix that uses (and cites) sequentially numbered pages rather than assigned exhibit letters or numbers. *See* N.D. Tex. L. Civ. R. 7.1(i), 7.2(e).

[3] Scott's affidavit indicates that the times reported for attempted service are CST—the Central time zone. (*See* Scott Aff.)

Hunsinger seeks authorization to serve Colas in three ways: (1) by mailing the summons and a copy of the complaint to the Penny Loop address, (2) by sending the summons and complaint by email to ludcheelcolas@gmail.com, and (3) by sending an additional copy of the summons and complaint by email to advisor@realtorsmedicalbenefits.com. A printout of information available online shows that the gmail.com address is associated with Colas's insurance license. (Dkt. No. 15 at ECF p. 7.) And information received by Hunsinger in response to the subpoena served on a telecommunications company shows that the user of the account, using the same Penny Loop address, maintains the realtorsmedicalbenefits.com email address. (*Id.* at ECF pp. 11, 13.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

This Court is located in the state of Texas, and Plaintiff seeks to effect service in Texas. Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:

(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or

> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.

So, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice.  *See* Tex. R. Civ. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).  If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant.  *See* Tex. R. Civ. P. 108.

Comment to 2020 Change to the Texas rule notes that a court may "permit service of citation electronically by social media, email, or other technology.  In determining whether to permit electronic service of process, a court should consider

whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), *available at* https://www.txcourts.gov/media/1449613/209103.pdf.

When a plaintiff demonstrates that the technology accounts belong to and were recently used by the defendant, courts are more likely to find that electronic service would be "reasonably effective" in giving notice of the lawsuit. *See, e.g.*, *Chrisenberry v. Ketcher*, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022) (allowing substitute service by social media when plaintiff showed that defendant had been active on his social media account in the past month and plaintiff identified the account as the defendant's through the account's photographs); *Sec. and Exch. Comm'n v. Plummer*, 2022 WL 1643958, at *1-2 (N.D. Tex. May 23, 2022) (granting service by email when plaintiff presented evidence that defendant's email address belonged to defendant and was used less than three months prior); *Hernandez v. Erazo*, 2022 WL 17490682, at *1-2 (W.D. Tex. Oct. 31, 2022) (finding service by email and social media proper when the accounts belonged to respondent and petitioner had previously used them to communicate with respondent).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn

statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 106(b).

### III. ANALYSIS

Hunsinger requests authorization to effect service on Defendant Colas through three methods (each using a private process server). First, he seeks to serve Colas by mailing a summons and complaint to his address. Under Tex. R. Civ. P. 106(a)(2), a plaintiff may serve a citation by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and the petition." Because Hunsinger may serve Colas in this manner through Fed. R. Civ. P. 4(e)(1) without Court authorization, his motion is denied in this respect.

Second, Hunsinger requests to serve Colas using the email address ludcheelcolas@gmail.com. As noted above, Hunsinger has provided a document showing that a person by Colas's name and listing the same address maintains a current license and uses the email address ludcheelcolas@gmail.com. (Dkt. No. 15 at ECF pp. 15-16.) Hunsinger also points to a Florida statute requiring a licensee to notify the relevant department overseeing insurance practices within 30 days of any change to his residence or business address or contact information, including email address. *See* Fl. Stat. § 626.551. The Court concludes that Hunsinger's showing, through an affidavit that complies with Tex. R. Civ. P. 106(b), establishes a

reasonable likelihood that the email address belongs to Colas and is being used by him. Therefore, serving Colas in this manner will be reasonably effective in giving Colas actual notice of this lawsuit. The Court grants Hunsinger's motion to serve Colas using this gmail.com email address.

Third, Hunsinger seeks to serve Colas using the email address advisor@realtorsmedicalbenefits.com. Hunsinger's basis for believing that service to that address will be reasonably effective in giving Colas actual notice of the lawsuit is based on a document produced in response to the subpoena served on a telecommunications company to identify the person or entity that made certain of the calls that are alleged to have violated the TCPA. According to that document, the account was held by someone using the name Ludcheel Colas and listing realtorsmedicalbenefits.com as their email address. That document, however, shows that the account holder made a payment in August 2024. (Dkt. No. 15 at ECF p.13.) It does not support finding that Colas has recently used or is currently using this email address such that service in this manner is reasonably likely to give Colas actual notice of the lawsuit. Hunsinger provides nothing to suggest that Colas has recently used this email address, so his motion is denied as to this respect.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Motion for Substitute Service (Dkt. No. 15) on Defendant Ludcheel Harley Colas. Plaintiff may serve a summons, a copy of the amended complaint, and a copy of this

Memorandum Opinion and Order, to Defendant Ludcheel Harley Colas by sending an email to ludcheelcolas@gmail.com.

      **SO ORDERED** on March 2, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE